IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES HIGGS and MATTIE PUGH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) CIVIL ACTION <br> ) <br> PENDERGAST AND ASSOCIATES, ) <br> P.C., MORTGAGE ELECTRONIC ) FILE NO. :_____ <br> REGISTRATION SERVICES, INC. and ) <br> CITIMORTGAGE, INC., ) <br> ) <br> Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW Defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Services, Inc. ("MERS") (CitiMortgage and MERS are collectively referred to herein as the "CitiMortgage Defendants"), and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1367, hereby give notice of the removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Removal, the CitiMortgage Defendants respectfully show the Court as follows:

## I. INTRODUCTION

This case is properly removable under federal question jurisdiction. Plaintiffs James Higgs and Mattie Pugh ("Plaintiffs") purport to assert claims against the defendants for alleged violations the federal Truth In Lending Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). This Court has original jurisdiction over Plaintiffs' purported claims because they arise under federal law. Additionally, this Court can exercise supplemental jurisdiction over Plaintiffs' state law claims in this action because these claims are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

## II. PROCEDURAL HISTORY

Plaintiffs commenced this action on or about October 14, 2010, by filing a Complaint against the CitiMortgage Defendants and Pendergast and Associates, P.C. in the Superior Court of Fulton County, Georgia, Civil Action Number 2010CV192191 (the "Complaint"). In their Complaint, Plaintiffs assert claims against the defendants for alleged violations of the federal FDCPA, in addition to state law claims for fraud and "violations of holder in due course," arising out of the August 3, 2010 foreclosure of the real property located at 699 Windsor Street, Atlanta, Fulton County, Georgia 30310 (the "Property"). (See generally Complaint). Plaintiffs contend that the defendants

"foreclosed on plaintiff's property on August 3, 2010, violating Plaintiff's (sic) under the FDCPA," and contend that the defendants violated the FDCPA "by refusing to provide Plaintiffs with a validation of [the] purported debt" prior to the Foreclosure. (Complaint, ¶¶ 13, 22). Plaintiffs further contend that "Defendants has (sic) failed to provide documentation to Plaintiffs on Defendant's status or right as the Holder of due course of alleged promissory note and mortgage agreement signed on February 18, 2003 . . .", and that "Defendant's failure to provide documentation to Plaintiffs is prima facie evidence of Defendants status of NOT being the holder of due course [of Plaintiffs' mortgage debt]." (See Complaint, ¶¶ 36, 39). Plaintiffs seek a "judgment against the Defendants for FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus interest and costs, punitive damages and further relief deemed just by the Court for Counts I, II and III of Plaintiff's Complaint." (See Complaint, prayer for relief).

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of causes. The only other defendant in this action, Pendergast & Associates, P.C., has given express consent to the removal of this action, and the parties' Stipulation Consenting to Petition of Removal is attached hereto as Exhibit "A." Written notice of the filing of this Notice of Removal has been served upon Plaintiffs, and a copy of this Notice of Removal, along

with the CitiMortgage's Notice of Filing Notice of Removal, will be filed promptly with the Clerk of the Superior Court of Fulton County, Georgia. (See Exhibit "B" attached hereto). The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. True and correct copies of all process, pleadings and orders that have been served upon the CitiMortgage Defendants in this action are attached hereto as Exhibit "C."

### III. FEDERAL QUESTION JURISDICTION

This action is properly removable because the Court has original subject matter jurisdiction over Plaintiff's claims arising under federal law. The federal removal statutes expressly provide that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statutes further provide that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). District Courts shall have original jurisdiction of all civil actions asserting claims or protecting rights that arise under federal law. 28 U.S.C. § 1331.

In this case, Plaintiffs assert claims and seek relief under a federal statute, the FDCPA. Because Plaintiffs' claims for alleged violations of the FDCPA raise federal questions and arise under federal law, this Court clearly has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and this Court can properly exercise jurisdiction over these claims. Moreover, as discussed below, because Plaintiff's state law claims arise out of the same case or controversy as Plaintiff's claims arising under federal law, this Court can properly exercise jurisdiction over this action in its entirety.

## IV. SUPPLEMENTAL JURISDICTION

This Court can exercise supplemental jurisdiction over Plaintiff's state law claims against the defendants because these claims form part of the same case or controversy as Plaintiff's claims for alleged violations of the FDCPA. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

In the instant case, Plaintiff's state law claims arise out of the same transaction -- the Foreclosure -- that gave rise to Plaintiff's claims for alleged violations of the FDCPA. (See generally Complaint). Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy, and as such fall squarely within this Court's

supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. See Bensman v. CitiCorp Trust, N.A., 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996)). Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's federal claims under the FDCPA, and arise from the same transaction or occurrence (i.e., the Foreclosure) as Plaintiff's federal claims. See id. (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in this action.

## V. CONCLUSION

WHEREFORE, the CitiMortgage Defendants respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. The CitiMortgage

Defendants further pray that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Superior Court of Fulton County, Georgia, be hereby stayed.

Respectfully submitted this 12th day of November, 2010.

                                            s/Ashby L. Kent
                                            John O'Shea Sullivan
                                            Georgia Bar No. 691305
                                            shea.sullivan@burr.com
                                            Ashby L. Kent
                                            Georgia Bar No. 415105
                                            akent@burr.com
                                            Attorneys for Defendants CitiMortgage, Inc.
                                            and Mortgage Electronic Registration
                                            Services, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

331898 v1

## CERTIFICATION OF COUNSEL

I hereby certify that this **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

s/Ashby L. Kent
Ashby L. Kent
Georgia Bar No. 415105
akent@burr.com

331898 v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to the following addresses through first-class, United States mail, postage prepaid, on this the 12th day of November, 2010:

>James Higgs
>Mattie Pugh
>P. O. Box 3321
>Atlanta, Georgia  30302
>*Plaintiffs Pro Se*

>s/Ashby L. Kent
>Ashby L. Kent
>Georgia Bar No. 415105
>akent@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

331898 v1