# EXHIBIT "C"

SHERIFF'S ENTRY OF SERVICE

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. **2010CV V92191**

Date Filed **10-14-10**

| Superior Court | ☑ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _____ Fulton _____ COUNTY

**James Higgs & Mattie Pugh**

_____ Plaintiff

Attorney's Address **James Higgs**
**C/O PO Box 3321**
**Atlanta, GA 30302**
Name and Address of Party to be Served.

**CitiMortgage, Inc /Agent: CT Cord System**

**1201 Peachtree Street NE**

**Atlanta, GA 30361**

VS.

**CitiMortgage, Inc., MERS, Inc and**
**Pendergast and Associates, P.C.**

_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows:

age, about _____ years; weight _____ pounds; height, about_____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☑ Served the defendant **CITIMORTGAGE INC, MERS INC** a corporation
by leaving a copy of the within action and summons with **CT CORP C/A**
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This **19th** day of **Oct** , 20 **10**

**L Baly 972307**

_____ DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

## SUMMONS

Case No.: 2010CV192191

| | |
|---|---|
| JAMES HIGGS and MATTIE PUGH | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| CITIMORTGAGE, INC., M.E.R.S., INC and | ) |
| PENDERGAST and ASSOCIATES, P.C. | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

Your are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

> JAMES HIGGS
> PO BOX 3321
> ATLANTA, GA 30302

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT**

This _____14_____ day of ___October___, 20 10

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By _____
Deputy Clerk

To defendant upon whom this petition is served:

This copy of complaint and summons was served upon you_____, 20_____

_____
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**FILED IN OFFICE**

OCT 1 4 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**JAMES HIGGS and MATTIE PUGH**                    )
                                                                                    )
Plaintiffs                                                                    )   CIVIL ACTION FILE
                                                                                    )   NO.: 2010CV19219
v.                                                                               )
                                                                                    )
**PENDERGAST and ASSOCIATES, P.C.,**        )   **COMPLAINT and**
**MORTGAGE ELECTRONIC**                              )   **TRIAL-by-JURY**
**REGISTRATION SERVICES, INC and**             )   **DEMANDED**
**CITIMORTGAGE, INC.**                                     )
                                                                                    )
Defendants                                                                 )

## INTRODUCTION

    Pro se Plaintiffs James Higgs and Mattie Pugh bring suit against Defendants,
CITIMORTGAGE INC., MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC and
PENDERGAST and JONES P.C. in support thereof states as follows:

### Statement of facts

1.  PLAINTIFFS, James Higgs and Mattie Pugh, are a single man and single women who own the
    homestead property located at 699 Windsor Street, Atlanta, Georgia, 30310.

2.  DEFENDANTS are registered to do business under the names of CITIMORTGAGE INC., and
    PENDERGAST and ASSOCIATES, P.C. and/or PENDERGAST & JONES P.C.  These
    Defendants are doing business in the State of Georgia and are served at their Georgia
    Registered Agent's office address.  MORTGAGE ELECTRONIC REGISTRATION
    SERVICES, INC is not registered to do business in the State of Georgia, but is served at their
    Registered Agent's address.

3.  Defendants sent a collection "NOTICE OF FORECLOSURE SALE" dated February 3, 2010,
    to Plaintiffs. (Exhibit A1-A3)

4.  Defendants recorded a "Transfer and Assignment" dated February 4, 2010 from MORTGAGE
    ELECTRONIC REGISTRATION SERVICES, INC to CITIMORTAGE, INC on behalf of
    SOUTHSTAR FUNDING, LLC at the Fulton County Clerk of Superior Court on February 12,
    2010. (Exhibit B)

5. As it is Plaintiff's lawful right in accordance with the Fair Debt Collection Practices Act (FDCPA), Plaintiffs sent via Notary Certificate of Service and United States Postal Service Certified Return Receipt, a letter requesting formal debt validation. This letter was delivered on March 4, 2010 and signed for by Defendant's office, well within the 30-day period expressly provided by the FDCPA. (Exhibit C1-C3 validation letter sent to Defendant)(Exhibit D proof of delivery to defendant)

6. Defendants failed to respond with any type of requested validation.

7. On April 9, 2010 in a good faith effort to allow Defendants ample opportunity to validate the alleged debts, Plaintiffs sent a second copy of the letter via Notary Certificate of Service and United States Postal Service Certified Return Receipt, which was signed for by the defendant on April 9, 2010. (Exhibit E proof of delivery to defendant)

8. Defendants again failed to respond.

9. On May 21, 2010, in a good faith effort to allow Defendants a third opportunity to validate the alleged debts, Plaintiffs requested a Notary be a third party witness and send a third letter to Defendants via U.S.P.S. Certified mail with return receipt requested, which was signed for by the Defendants on May 21, 2010. (Exhibit F proof of delivery to defendant)

10. Defendants again failed to respond. (Exhibit G - Notary's Certificate of Non-Response)

11. On July 5, 2010 Plaintiffs received a "Notice of Foreclosure" dated June 23, 2010, which was sent by Defendants on or after July 1, 2010, informing Plaintiffs that their homestead will be foreclosed on August 3, 2010, again violating Plaintiff's under the FDCPA.

12. Defendants recorded a "Corrective Transfer and Assignment" dated July 5, 2010 from MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC to CITIMORTGAGE, INC on behalf of SOUTHSTAR FUNDING, LLC at the Fulton County Clerk of Superior Court on July 9, 2010. (Exhibit H)

13. The defendants foreclosed on plaintiff's property on August 3, 2010, violating Plaintiff's under the FDCPA.

14. On June 4, 2010 the Defendants failed to disclose if Defendants were a party or creditor to the Plaintiff's February 18, 2003 agreement.

15. On June 4, 2010 the Defendants failed to disclose if Defendants on February 18, 2003 loaned plaintiffs legal tender or other depositors' money in the amount of eighty-seven thousand dollars for the alleged mortgage.

16. On June 4, 2010 the Defendants failed to disclose material facts of the alleged agreement, refusing to inform plaintiffs if the agreement was intended for Plaintiff's promissory note to fund the alleged loan check or if the Defendants were to use the bank's legal tender or other "depositors" money to fund the bank loan check.

17. On June 4, 2010 the defendants failed to disclose whether the bank loan check was the consideration loaned for the alleged promissory note.

18. On June 4, 2010 Defendants failed to disclose a certified copy of the requisite chain of assignments for the alleged Note and Mortgage to prove that Defendants are the holder of due course.

19. On June 4, 2010 Defendants failed to disclose if the documents i.e. promissory note and mortgage, provide for the sale or assignment of the note and mortgage to any third parties.

20. The current copy of the promissory note instrument security shows that SOUTHSTAR FUNDING, LLC has transferred their interest to HOMESTAR MORTGAGE SERVICES, LLC and not to CITIMORTGAGE, INC or MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC. (Exhibit I1- 13 Copy of Original Promissory Note)

## Claims for Relief

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICE ACT, 15 USC 1692.

21. Plaintiffs reaffirm and re-alleged the above paragraphs 1-17 hereinabove as if set forth more fully herein below.

22. Defendants suppressed material facts pursuant O.C.G.A. § 23-2-53 while under the obligation to communicate with Plaintiffs under alleged contract, by refusing to provide Plaintiffs with a validation of purported debt pursuant 15 U.S.C. 1692g(b) on three different notices.

23. Defendant's failure to respond to Plaintiff's notices is prima facie evidence of Defendants FDCPA violations.

24. Defendants continue to contact Plaintiffs without validating purported debt to attempt to collect a debt pursuant 15 U.S.C. 1692c(c).

25. Defendants used threat of foreclosure pursuant 15 U.S.C. 1692d (1) against Plaintiff's homestead without validating purported debt.

26. Defendant advertised for sale plaintiff homestead pursuant 15 USC 1692d (4) without validating purported debt.

27. Defendant failed to give a validation of the accounting of the correct amount allegedly owed on purported debt by plaintiffs.

28. Defendants unlawfully foreclosed plaintiffs homestead pursuant 15 USC 1692f(6) without validating purported debt.

## COUNT II: VIOLATIONS OF FRAUD

29. Plaintiff reaffirm and re-alleged the above paragraphs 1-17 hereinabove as if set forth more fully herein below.

30. Defendants failed to disclose to the Plaintiffs the elements of the alleged agreement signed on February 18, 2003, misrepresenting the facts pursuant O.C.G.A. §23-2-52.

31. Defendant's disclosure failures to Plaintiffs are prima facie evidence that Defendants are not the secured creditor in this matter.

## COUNT III: VIOLATIONS OF HOLDER OF DUE COURSE

32. Plaintiffs reaffirm and re-alleged the above paragraphs 1-17 hereinabove as if set forth more fully herein below.

33. Defendants must be the holder of due course before Defendants are entitled to enforce instrument pursuant O.C.G.A. 11-3-302(e) before asserting rights, i.e. foreclosure action.

34. The Defendants two recorded "Transfer and Assignments" are fictitious documents produced by Defendants to defraud the Plaintiffs and the Courts, pursuant 18 USC 514(a), because the documents have not been signed by the last transferee HOMESTAR MORTGAGE SERVICES, LLC pursuant O.C.G.A. §44-14-64(a).

35. Defendants can only be a holder of due course of an instrument payable to a named payee with the Endorsment of payee, *Davis v. National City Bank, 46 Ga. App. 194, 176 S.E. 191 (1932)*

36. Defendants has failed to provide documentation to Plaintiffs on Defendant's status or right as the Holder of due course of alleged promissory note and mortgage agreement signed on February 18, 2003 pursuant O.C.G.A. § 11-3-309(b).

37. Defendants can only establish status as holder of instruments by producing them in evidence, *James Talcott, Inc.v. Allahabad Bank, Ltd., 444 F.2d 451 (5th Cir) 404 U.S. 940, 92 S. Ct. 280, 30 L. Ed.2d 253 (1971).*

38. Defendants have failed to provided Plaintiffs with a requisite chain of assignments recorded or written pursuant O.C.G.A. 44-14-64(d)2 to establish that Defendants are the real holder of due course.

39. Defendant's failure to provide documentation to Plaintiffs is prima facie evidence of Defendants status of NOT being the holder of due course.

40. If Defendants can prove with evidence that they are the holder of the note.  The defendants will still lack the status of "holder in due course" for the reason that Defendants took possession of instrument with notice of it being over due, *Northside Bldg. & Inv. Co. v. Finance Co. of Am., 119 Ga. App. 131, 166 S.E.2d 608 (1969).*

*41.* Since Defendants acquired the note after default, they are not the holder in due course, but accepted the instrument with notice of its dishonor and subject to any defense or equity which could be pleaded as against original payee, *Browning v. Rewis, 152 Ga. App. 45, 262 S.E.2d 174 (1979)*

WHEREFORE, the Plaintiffs demands judgment against the Defendants for FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus interests and costs, punitive damages and further relief deemed just by the court for Counts I, II and III of Plaintiff's Complaint.

This 12th day of October, in the year, of our Lord, 2010.

RESPECTFULLY SUBMITTED:

By: _____

James Higgs, Plaintiff, *pro se*
PO BOX 3321
Atlanta, GA 30302

**PENDERGAST & JONES, P.C.**

*John F. Pendergast, Jr.*
*Ezra B. Jones, III*

*Howell A. Hall*
*Of Counsel*

South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, Georgia 30346
770/392-0398
Facsimile 770/392-0909

February 3, 2010

## VIA FIRST CLASS MAIL

James Otis Higgs
Mattie Alice Pugh
699 Nw Windsor Street
Atlanta, GA 30310

    Re:    **NOTICE OF FORECLOSURE SALE**
                Promissory Note and Deed to Secure Debt held by CitiMortgage, Inc. against 699
                Nw Windsor Street, Atlanta, GA 30310

Dear Sir/Madam:

    This firm represents CitiMortgage, Inc., (hereinafter "Lender"), the holder of a Note secured by a Deed to Secure Debt (hereinafter "Deed") conveying certain real property known as 699 Nw Windsor Street, Atlanta, GA 30310 hereinafter "Property"). We have been employed to start foreclosure proceedings against the referenced property immediately. Enclosed please find a copy of the Notice of Sale submitted to the publisher of the legal newspaper. The sale will be held on the first Tuesday of April, 2010, at the Fulton County Courthouse between the hours of 10:00 a.m. and 4:00 p.m.

    As a result of your failure to make payments on the referenced Note (as well as other possible defaults under the Security Deed) the *entire amount* of the outstanding balance of principal and interest of the loan has been made, and is hereby, declared immediately due and payable. Demand is hereby made for immediate payment of the total principal and interest.

    As provided by O.C.G.A. Section 13-1-11 you are hereby notified and advised that the terms of said note and deed to secure debt regarding the payment of attorney's fees will be enforced. If the accelerated sums are paid in full within ten (10) days after receipt of this notice you will avoid the enforcement of provisions regarding the collection of attorney's fees. That is, if unpaid principal and accrued interest is paid on or before the expiration of ten (10) days from your receipt of this letter, you will not be charged with attorney's fees in addition to these sums.

    You may have the right to reinstate your loan after acceleration if same is provided for in the Security Deed. You also have the right to bring a court action to assert the non-existence of a default or any other legal defense to acceleration and sale. Nothing in this letter prevents you from exercising your rights as outlined in the Notice Pursuant to Fair Debt Collection Practices Act also mailed to you by our office.

( EXHIBIT - 41 )

Pursuant to O.C.G.A Section 44-14-162.2(a) the following individual or entity has the full authority to answer any questions and/or the full authority to negotiate, amend or modify the terms of your mortgage loan should the creditor choose to do so.

**CitiMortgage, Inc.**
**1000 Technology Drive**
**O'Fallon, MO 63368**
**PHONE: 866-272-4749**

Please be advised that if you have received a discharge in a Chapter 7 bankruptcy case, your personal liability on this loan may have been extinguished.  In that event, the action we have been requested to take would be limited to the foreclosure of the above-referenced property.

Please be advised that this letter is sent for the purpose of collecting a debt and any information obtained will be used for that purpose.

Very truly yours,

John F. Pendergast, Jr.
As attorney for CitiMortgage, Inc.

Enclosure

cc: Addressee via Certified Mail

( EXHIBIT - A2 )

*John F. Pendergast, Jr.*
*Ezra B. Jones, III*

*Howell A. Hall*
*Of Counsel*

**PENDERGAST & JONES, P.C.**
South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, Georgia 30346
770/392-0398
Facsimile 770/392-0909

Misc Documents      2@ Pg      55
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

February 3, 2010

**VIA FIRST-CLASS MAIL**

James Otis Higgs
Mattie Alice Pugh
P.O. Box 3321
Atlanta, GA 30302

RE: **NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT**
Default of Note and Security Deed to Property
Located at 699 Nw Windsor Street, Atlanta, GA 30310
Payoff Amount as of January 21, 2010: $88,797.26

Dear Sir/Madam:

This firm represents CitiMortgage, Inc., the holder of the referenced obligation. As a result of your breach of the above referenced Note and Security Deed, this law firm has been employed to take action against you and the property, if necessary.

If the validity of this debt or any portion hereof is disputed, you should advise us in writing within thirty days from the date of this letter and a verification of the debt will be mailed to you; otherwise, the debt will be assumed to be valid. Upon written request within said thirty-day period, we will provide the name and address of the original creditor, if different from the current creditor.

**Please be advised that if you have received a discharge in a Chapter 7 bankruptcy case, your personal liability on this loan may have been extinguished. In that event, the action we have been requested to take would be limited to the foreclosure of the above-referenced property.**

**Please be advised that this letter is being sent for the purpose of collecting a debt and any information obtained will be used for that purpose.**

Very truly yours,

John F. Pendergast, Jr.
As attorney for CitiMortgage, Inc.

EXHIBIT - 43

ASGN
DE Book 49176 Page 291

Deed Book 48791 Pg    3
Filed and Recorded Feb-12-2010 08:35am
2010-0065253
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

RETURN DOCUMENT TO:
PENDERGAST & JONES, P.C.
SOUTH TERRACES STE 1000
115 PERIMETER CENTER
ATLANTA, GA 30346
Loan #00164541
Our File No. 10-00621

**STATE OF MISSOURI**
**COUNTY OF ST. CHARLES**

### TRANSFER AND ASSIGNMENT

FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer, set over and convey unto **CitiMortgage, Inc.**, whose address is 1000 Technology Drive, O'Fallon, MO 63368, its heirs, successors or assigns, of that certain Security Deed by **James Otis Higgs and Mattie Alice Pugh** to Mortgage Electronic Registration Systems, Inc. as nominee for Southstar Funding, LLC, dated February 24, 2003 in the original principal amount of $87,000.00 and recorded in **Deed Book 34514, page 146, Fulton County**, Georgia records, together with the real property therein described; and also the indebtedness having this day been transferred and assigned to the said CitiMortgage, Inc. together with all of the undersigned's right, title and interest in and to the said deed, the property therein described and the indebtedness thereby secured.

Witness the hand and seal of the undersigned this _____ day of **FEB 0 4 2010**.

Signed, sealed and delivered
in the presence of

_____
Unofficial Witness

_____
Notary Public
My Commission Expires:

[NOTARY SEAL]

DENNIS J. LUECKE
Notary Public - Notary Seal
State of Missouri
St. Charles County
Commission #08672763
My Commission Expires 11/04/2012

**Mortgage Electronic Registration Systems, Inc.**

By: _____

Nate Blackstun, Vice President

Attest: _____

Jaime Hardcastle, Vice President

[CORPORATE SEAL]

*Non-Negotiable, Non-Transferable*
# Notice of Dispute of Purported Debt
## and Demand to Cease and Desist Collection Activities
## Prior to <u>Validation</u> of Purported Debt

**FROM:**
JAMES O. HIGGS and MATTIE A. PUGH
c/o PO BOX 3321
ATLANTA, GA 30302
hereinafter referred to as "Account Holder"

**TO:**
John F. Pendergast, Jr, As attorney for CITIMORTGAGE, INC d.b.a. PENDERGAST & JONES, P.C.
South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, Georgia 30346
hereinafter referred to as "Collector"

**DATE:** February 26, 2010

**VIA:**    Certified Mail Return Receipt # <u>7008-1140-0003-5470-3218</u>

**RE:**    DISPUTE OF PURPORTED DEBT, DEBT COLLECTION NOTICE DATED February 3, 2010,
hereinafter referred to as "Claim"

**FOR:**    CITIMORTGAGE, INC
1000 Technology Drive
O'Fallon, MO 63368
hereinafter referred to as "Lender"

**Account # 400164541, hereinafter referred to as "Account"**

Dear, John F. Pendergast, Jr.

This Notice and Demand constitutes timely written notice in response to the above Claim. This Notice is not a refusal to pay a debt. This Notice from the Account Holder **disputes** the entire amount of the purported debt because of a **Breach of Contract and Non-Response/Non-Performance** by the Lender/Credit Provider (attached), and consequently, hereby Demands that the Collector **Cease and Desist** immediately all collection activities associated with the purported debt referenced in the Collector's Claim until the Collector provides to the Account Holder a **sworn verification** of the purported debt (see attached **REQUEST FOR ADMISSIONS**) pursuant the **Fair Debt Collection Practices Act** (hereinafter "FDCPA"), as stated in 15 USC 1692g (attached).

Until the requirements of the FDCPA have been met, the Collector has no jurisdiction to continue any collection activities and is prohibited from filing any notice of lien, levy or foreclosure. In fact, the Account Holder is under no obligation to respond, even to a complaint, until the Debt Collector responds with the requested information, as affirmed in ***Pablo Martinez v. Law Offices of David J. Stern***, 266 B.R. 523, United States Bankruptcy Court, S.D. Florida. Further, pursuant to the FDCPA, as the Collector is merely an "agency," or board, acting on someone else's behalf, this is a demand that the Collector provide the name and address of the **original** "principal" and current "holder" for whom the Collector is attempting to collect this purported debt, together with the Collector's affidavit of assignment, power of attorney, and <u>verification</u> of license, oath and bond.

Therefore, pursuant to the FDCPA, the Collector is hereby requested to have an authorized officer or agent execute the attached **Affidavit of Verification of Purported Debt** as the **sworn verification** of the above cited purported debt, and mail such verification **within 20 days** to the Account Holder's mailing location cited above by certified mail. **Verification** requires "Confirmation of correctness, truth, or authenticity, **by affidavit, oath or deposition**.... In accounting, the process of **substantiating entries** in books of account." (Black's Law Dictionary, Sixth Edition). This refers to <u>verifying</u> all of the <u>bookkeeping journal entries</u> associated with the

processing of the Account Holder's promissory note that were posted by the Lender, since there is a good reason to believe that the Account Holder's promissory note was used for a purpose that was not authorized or intended by the Account Holder in the agreement, and may, in fact, be **stolen**. This **Affidavit of Verification of Purported Debt** is an essential element of due process in exhausting all of the Account Holder's Administrative Remedies as affirmed in **Goldberg v. Kelly**, 397 U.S. 254.

According to the Generally Accepted Accounting Principles (GAAP) of "matching" and "representational faithfulness", the underlined bookkeeping entries associated with the processing of the Account Holder's promissory note, which are the underlined substance of the agreement, must ***materially match*** the terms of the agreement, or else the Account Holder's promissory note is stolen and its signature is a forgery. These bookkeeping entries must be personally inspected and verified, along with the "Call Reports", auditor working papers, and other material financial statements covering the period in which the Account transactions occurred in order to detect any "**material omissions**". This same verification applies to any Third Parties effectively connected or involved in the processing of the Account agreement.

Borrowers are beginning to read and hear from various sources that there are some irregularities that are not being reported to top management in some financial lending organizations. In particular, it appears that some loans are being processed by lower-level officers in such a way that loan checks are being funded by the very borrowers who are requesting these loans. This is being accomplished through unauthorized sales and deposits of the proceeds of the borrowers' promissory notes into accounts similar in function to the "borrowers' transaction accounts" associated with the granting of loans as described in certain Federal Reserve Bank publications (see attached Federal Reserve Bank of Chicago, *Modern Money Mechanics*, p. 6, and Federal Reserve Bank of Chicago, *Two Faces of Debt*, pp. 17 & 19). Of course, such activity constitutes "fraud in the factum" - a real defense against even a holder in due course - and invalidates any alleged agreement.

From what my Certified Public Accountant (CPA) says, this appears to be what is going on. During the loan approval process, after the Borrower signs the promissory note, some agent/officer of the lender converts this "promise to pay" into a "draft" or "negotiable instrument" that is quickly sold, and then the proceeds of this sale are deposited and used to fund the check that is given back to the borrower as the loan -- all without the lender risking or loaning a cent of their own assets (equity) to the Borrower.

Of course, most of these transactions are NOT disclosed in the loan agreement. Obviously, no one in his or her right mind would ever agree to such a contract! Indeed, such an agreement would be declared an "unconscionable contract" and "unjust enrichment", according to my CPA. But one does not need to be an accountant to understand that such a scenario has an economic effect similar to theft, counterfeiting and swindling -- and even racketeering if a loan broker or other third parties are involved!

Therefore, in the light of what has transpired in the alleged Enron/Arthur Anderson swindle, the Account Holder deems it is reasonable (and the Account Holder's CPA says it is advisable) to dispute the alleged Account agreement and to demand **verification**, as well as the name, address and phone numbers of Lender's CPA and Auditor and the person physically in possession of the Account Holder's original Account agreement and promissory note, in the event that the Account Holder's CPA needs to inspect the Account agreement, the Account Holder's promissory note, and the Account bookkeeping transaction history of the Lender for processing the Account agreement.

Moreover, pursuant to the Uniform Commercial Code (UCC) sections 3-308, the validity of the signature on the Account Holder's promissory note is specifically denied by the Account Holder as an attestation to its authenticity, and the burden of proof now rests upon the Collector to prove that there is a valid contract with a bona fide signature. Also, the Collector is requested to have the Lender execute the attached **Affidavit of Good Faith Concerning the Terms and Execution of the Account Agreement** to provide the Account Holder adequate assurance of Good Faith by the Lender concerning the terms and execution of the Account agreement with the Account Holder in processing the Account Holder's promissory note, and to return said Affidavit to the Account Holder within twenty (20) days of receipt as an attachment to the **Affidavit of Verification of Purported Debt.**

Failure by Collector to validate the purported debt by executing and returning the enclosed "**Affidavit of Verification of Purported Debt** " with an authorized and verified Collector signature to the Account Holder within **twenty (20) days** of receipt of this Notice and Demand will be deemed a dishonor of this Notice and Demand, and it will be presumed by Collector's acquiescence that the original Lender took the Account Holder's promissory note and, without authorization, sold it, and then used the proceeds of their sale as the funds for the loan, causing the Account Holder to be damaged in a transaction having an economic effect of stealing, counterfeiting and

swindling. The Account Holder is prepared to exhaust all applicable provisions of the Administrative Procedure Act and the Federal Rules of Civil Procedure to obtain "FULL DISCLOSURE" of the facts material to the terms and execution of the Account agreement. The Account Holder's CPA is also prepared to offer opinion letters and expert witness testimony regarding the bookkeeping entries required to process the Account agreement transactions, pursuant to GAAP and GAAS.

Furthermore, since the claim is disputed by the Account Holder and this is a controversy exceeding **Twenty Dollars** ($20), and there are facts to be determined by a jury of the Account Holder's peers, the Collector cannot move forward in seizing and/or liening without a trial as guaranteed by the 7th Amendment to the Constitution for the United States. If the Collector does seize or lien, the Collector will be violating their oath as a fiduciary officer by failing to preserve Constitutional rights. Therefore, this letter is also **Formal and Constructive Notice** that the Collector is about to commit a crime by violating the Account Holder's rights as protected by the 7th Amendment if the Collector attempts to seize and/or lien the Collector's property without a due process trial as guaranteed by the 7th Amendment. As the Collector knows, any Fiduciary Officer who seizes and/or liens with full knowledge and intent is subject to ten (10) years mandatory prison time and a $10,000 fine (*Rodney King v. Ventura*).

If the Collector proceeds to violate the Account Holder's unalienable rights as protected by the Constitution, the Account Holder will use this letter to prove that the Collector was fully informed of said violation and that the Collector voluntarily, willfully and knowingly chose to commit said crime(s) against the Account Holder.

Moreover, any Executive, Legislative or Judicial Official who fails to respond to notification of such a civil rights crime and fails to uphold the Account Holder's unalienable rights as protected by the 7th Amendment to the Constitution may be charged with Misprision of Felony (18 USC §4) and with Treason, pursuant to Article 3 § 3 and  Article 4 § 4 of the Constitution of the United States (the bylaws of the Corporation based in the District of Columbia) and pursuant to the Constitution for the united States of America (the contract of the sovereign independent nation-state Republics with the Federal government that is limited to ten miles square situated within the Republics of Maryland and Virginia).

Lastly, in accordance with federal and state law, take notice that sending unsubstantiated demands for payment through the United States Mail System may constitute mail fraud. You may wish to consult with a competent legal advisor before your next communication with the Account Holder.

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**
**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL**
*Applicable to all successors and assigns*
*Silence is Acquiescence*

Sincerely, and with all rights reserved,


JAMES HIGGS

encl:    Claim from Collector
         "Verification", "Unconscionable" *Black's Law Dictionary*, Sixth Edition
         The Fair Debt Collection Practices Act - 15 USC 1692g
         Federal Reserve Bank of Chicago, *Modern Money Mechanics*, p. 6
         Federal Reserve Bank of Chicago, *Two Faces of Debt*, pp. 17 &19
         **Affidavit of Verification of Purported Debt**
         **Affidavit of Good Faith Concerning the Terms and Execution of the Account Agreement**



**UNITED STATES POSTAL SERVICE®**

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: **7008 1140 0003 5470 3218**
Status: Delivered

Your item was delivered at 12:42 pm on March 04, 2010 in ATLANTA, GA 30346. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

Site Map     Customer Service     Forms     Gov't Services     Careers     Privy

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

---

Exhibit - D

---

CERTIFIED MAIL RECEIPT
(No Insurance Coverage Provided)

7008 1140 0003 5470 3218

CENTRAL CITY FINANCE
MAR 03 2010
USPS 30302

Pendergrass & Jones PC
115 Perimeter Ctr Pl. #1000
Atlanta, GA 30346

---

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery 3/4/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7008 1140 0003 5470 3218

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Pendergrass & Jones PC
115 Perimeter Ctr Pl.
#1000
Atlanta, GA 30346



Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7008 1140 0003 5470 3225**
Class: First-Class Mail®
Service(s): Certified Mail™
      Return Receipt
Status: **Delivered**

Your item was delivered at 12:47 PM on April 9, 2010 in ATLANTA, GA 30346.

Detailed Results:

• **Delivered**, April 09, 2010, 12:47 pm, ATLANTA, GA 30346
• Arrival at Unit, April 09, 2010, 10:48 am, ATLANTA, GA 30338
• Acceptance, April 06, 2010, 10:22 am, ATLANTA, GA 30311

## Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

| Track & Confirm |
|---|
| Enter Label/Receipt Number. |
| |
| ( Go > ) |



CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

ATLANTA GA 30346

| | | |
|---|---|---|
| Postage | $2.07 | 0063 |
| Certified Fee | $2.80 | 13 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $7.17 | 04/06/2010 |

PENDERGAST & JONES PC
115 Perimeter Ctr. PL #1000
ATLANTA, GA 30050 30346

5/17/2010 9:57 PM

EXHIBIT - t


**UNITED STATES POSTAL SERVICE®**

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7008 1140 0003 5470 3294
Class: First-Class Mail®
Service(s): Certified Mail™
          Return Receipt
Status: Delivered

Your item was delivered at 12:52 PM on May 21, 2010 in ATLANTA, GA 30346.

Detailed Results:

- Delivered, May 21, 2010, 12:52 pm, ATLANTA, GA 30346
- Arrival at Unit, May 21, 2010, 11:40 am, ATLANTA, GA 30338
- Acceptance, May 20, 2010, 2:19 pm, NORCROSS, GA 30092

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

Site Map     Customer Service     Forms     Gov't Services     Careers     Priv

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

**Exhibit – F**

*(handwritten Certified Mail Receipt and Return Receipt forms)*

Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

ATLANTA GA 30346

Postage   $   $2.24   0299
Certified Fee   $2.80   04   Postmark Here
Return Receipt Fee
(Endorsement Required)   $2.30
Restricted Delivery Fee
(Endorsement Required)   $0.00   20   2010   05/20/2010
Total Postage & Fees   $7.34   05/20/2010

Sent To   John Pendergast - Pendergast & Jones
Street, Apt. No.; or PO Box No.   115 Perimeter Ctr R. Suite #1000
City, State, ZIP+4   ATLANTA GA 30346

7008 1140 0003 5470 3294

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   John Pendergast
   Pendergast & Jones
   115 Perimeter Ctr R.
   South #1000
   ATLANTA, GA 30346

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  _____  □ Agent  □ Addressee
B. Received by (Printed Name)   C. Date of Delivery
   Charles Williams   5/21/10
D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

3. Service Type
   □ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.
4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)   7008 1140 0003 5470 3294

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

1 of 1

5/11/2010 10:00 AM



## CERTIFICATION OF NON-RESPONSE / NON-PERFORMANCE

Be it known, that, the person signing below, a duly empowered Notary Public, at the request of James Higgs in care of 1541 Bellflower Court, Stone Mountain, Georgia, 30088, did duly present on May 21, 2010 a Notice of Dishonor dated May 19, 2010 and a copy James Higgs' previously mailed presentment to John F. Pendergast, Jr, As attorney for CITIMORTGAGE, INC d.b.a. PENDERGAST & JONES, P.C., South Terraces, Suite 1000, 115 Perimeter Center Place, Atlanta, Georgia 30346 signed by James Higgs requesting an Affidavit of Verification of Purported Debt, the time limit having elapsed for an Affidavit of Verification of Purported Debt, which was refused by non-response/nonperformance.

Whereupon, the Notary Public signing below, for the reason dishonor by non-response/non-performance, does publicly and solemnly certify the dishonor as against all parties it may concern for liability, by reason of non-performance thereof and stipulations therein.

The undersigned Notary Public, certifies that on May 21, 2010, Notice(s) of Dishonor were sent to John F. Pendergast, Jr, As attorney for CITIMORTGAGE, INC d.b.a. PENDERGAST & JONES, P.C., South Terraces, Suite 1000, 115 Perimeter Center Place, Atlanta, Georgia 30346, by USPS Certified Mail No. 7008-1140-0003-5470-3294 Return Receipt attached by placing in a sealed envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of Georgia.

The above-noted parties were presented notice under notary seal that certification of non-response or default within ten (10) days of postmark, for an Affidavit of Verification of Purported Debt. With time having elapsed and no response been delivered to me, the designated receiver for response. John F. Pendergast, Jr, As attorney for CITIMORTGAGE, INC d.b.a. PENDERGAST & JONES, P.C., South Terraces, Suite 1000, 115 Perimeter Center Place, Atlanta, Georgia 30346 has assented to the terms and conditions in said Contract.

**TESTIMONY** In testimony of the above, I have signed my name and attached my official seal

NOTARY PUBLIC
Third Party Witness

DATE  6/4/10

My commission expires: 10/21/13

1541 Bellflower Ct
Stone Mountain, GA
30088

(Stamp/Seal)

Deed Book 49176 Pg  291
Filed and Recorded Jul-09-2010 06:11ao
2010-0277442
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

\*\*This assignment is being recorded to correct the date of that certain security deed referenced on assignment recorded in Deed Book 48791, Page 3. \*\*

RETURN DOCUMENT TO:
PENDERGAST & ASSOCIATES, P.C.
SOUTH TERRACES STE 1000
115 PERIMETER CENTER
ATLANTA, GA 30346
Loan #40164541
Our File No. 10-00621

CROSS REFERENCE:
DEED BOOK 34514, Page 146
DEED BOOK 48791, Page 3

STATE OF MISSOURI
COUNTY OF ST. CHARLES

### \*\*CORRECTIVE\*\*
### TRANSFER AND ASSIGNMENT

FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer, set over and convey unto **CitiMortgage, Inc.,** whose address is 1000 Technology Drive, O'Fallon, MO 63368, its heirs, successors or assigns, of that certain Security Deed by **James Otis Higgs and Mattie Alice Pugh** to Mortgage Electronic Registration Systems, Inc. as nominee for Southstar Funding, LLC, dated February 18, 2003 in the original principal amount of $87,000.00 and recorded in **Deed Book 34514, page 146, Fulton County,** Georgia records, together with the real property therein described; and also the indebtedness having this day been transferred and assigned to the said CitiMortgage, Inc. together with all of the undersigned's right, title and interest in and to the said deed, the property therein described and the indebtedness thereby secured.

JUL 05 2010

Witness the hand and seal of the undersigned this _____ day of _____ . _____

Signed, sealed and delivered
in the presence of :

_____
Unofficial Witness

_____
Notary Public
My Commission Expires:

[NOTARIAL SEAL]

GINA WEINAND
Notary Public-Notary Seal
State of Missouri, St Charles County
Commission # 07434724
My Commission Expires Dec 6, 2011

**Mortgage Electronic Registration Systems, Inc.**

By: _____

Nate Blackstun, Assistant Secretary

Attest: _____

Greg Samel, Assistant Secretary

[CORPORATE SEAL]

EXHIBIT - #

0106247109

0400164541

# NOTE

February 18, 2003          STONE MOUNTAIN                    Georgia
[Date]                     [City]                           [State]


699 WINDSOR STREET NW, ATLANTA, Georgia 30310
[Property Address]


## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $        87,000.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
   SouthStar Funding, LLC

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     6.500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the   first   day of each month beginning on   April 1, 2003       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   March 1, 2033       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at  400 Northridge Rd. Suite 1000
 Atlanta, GA  30350                              or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $       549.90   .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.


MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-5N (0005)          Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                Initials: MP P JoH

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of         15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         5.00         % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
JAMES OTIS HIGGS                    -Borrower                                         -Borrower

_____ (Seal)        _____ (Seal)
MATTIE ALICE PUGH                   -Borrower                                         -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                          -Borrower

Without recourse, Pay to the Order of: HomeStar Mortgage Services, LLC

Southstar Funding, LLC

Carol Poupart, Sr. V.P.

Without recourse, pay to the order of:

HomeStar Mortgage Services, LLC

Carol Poupart, V.P.

*[Sign Original Only]*

-SN (0005)                          Page 3 of 3                          Form 3200 1/01

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **JAMES HIGGS and MATTIE PUGH**  ) | |
| ) | |
| Plaintiffs  ) | CIVIL ACTION FILE |
| ) | |
| v.  ) | NO.:_____ |
| ) | |
| **PENDERGAST and JONES P.C.,**  ) | PLAINTIFF'S FIRST |
| **MORTGAGE ELECTRONIC**  ) | REQUEST FOR ADMISSIONS |
| **REGISTRATION SERVICES, INC and**  ) | AND REQUEST FOR |
| **CITIMORTGAGE, INC.**  ) | PRODUCTIONS TO |
| ) | DEFENDANTS |
| Defendants | |

### INTRODUCTION

Plaintiff's requests Defendants to answer the following request for admissions and request for production of documents within thirty (30) days of service, to JAMES HIGGS at PO Box 3321, Atlanta, Georgia, 30302.

These discovery requests shall be deemed continuing as to require supplementary responses if Defendants obtains further information between the time responses are served and the time of trial.

#### Instructions

a) Answers to the following responses to the following requests for admission and request for production of documents are due within 30 days of service. **Failure to serve a written answer or objection within the time allowed by O.C.G.A. § 9-11-36(a) will result in admission of the following requests. Any admission for which no response is noted in the space provided for a response shall be deemed admitted under O.C.G.A. § 9-11-36(a).**

### REQUESTS FOR ADMISSIONS

Pursuant to O.C.G.A. § 9-11-36(a) of the Georgia Rules of Civil Procedure, the following of which admissions are deemed admitted unless you respond in writing within thirty (30) days with a proper denial or objection.

1.  Defendants were never the secured creditor in this matter.

     Admit:_____   Deny:_____

2.  Defendants were never the legal title holder in this matter.

     Admit:_____   Deny:_____

3.  Defendants were never a party to the deed to secure debt in this matter.

     Admit:_____   Deny:_____

4.  Defendants never loaned Plaintiffs legal tender or other depositors' money.

     Admit:_____   Deny:_____

5.  Defendants suppressed material facts while under the obligation to communicate with Plaintiffs.

     Admit:_____   Deny:_____

6.  Defendants never provided Plaintiffs with a validation of purported debt in this matter.

     Admit:_____   Deny:_____

7.  Defendants violated Federal Debt Collections Practice Act laws in this matter.

     Admit:_____   Deny:_____

8.  Defendants continued to contact Plaintiffs without validating purported debt in this matter.

     Admit:_____   Deny:_____

9.  Defendants used threat of foreclosure against Plaintiff's homestead without validating purported debt in this matter.

     Admit:_____   Deny:_____

10. Defendants advertised for sale Plaintiff homestead without validating purported debt.

     Admit:_____   Deny:_____

11. Defendants failed to give a validation of the accounting on purported debt to Plaintiffs.

     Admit:_____   Deny:_____

12. Defendants unlawfully foreclosed Plaintiffs homestead.

     Admit:_____   Deny:_____

13. Defendants never disclosed to the Plaintiffs the elements of the alleged agreement.

      Admit:_____    Deny:_____

14. Defendants were never the holder of due course of Plaintiff's security instrument in this matter.

      Admit:_____    Deny:_____

15. Defendants were never entitled to enforce the security instrument in this matter.

      Admit:_____    Deny:_____

16. The Defendants two recorded "Transfer and Assignments" are fictitious documents.

      Admit:_____    Deny:_____

17. The Defendants two recorded "Transfer and Assignments" were not signed by the last transferee.

      Admit:_____    Deny:_____

18. The Defendants recorded the two "Transfer and Assignments" with notice of the security instrument being over due in default.

      Admit:_____    Deny:_____

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. § 9-11-34 of the Georgia Rules of Civil Procedure, Plaintiffs requests that you respond to the following requests for production of documents within thirty (30) days. Plaintiffs requests that you attach copies of all responsive documents to your responses. If this is not feasible or possible, Plaintiffs requests to be permitted to inspect and copy all responsive documents at a mutually-convenient date, time, and place.

This request is intended to cover all documents in your possession or subject to your custody and control, regardless of location. If there are no documents responsive to a request, please state so. If there are such documents, please list appended documents responsive to each request.

**If you withhold documents because you object to them or claim a privilege, describe the nature of the document not produced and your reason for not producing it.**

These requests are deemed continuing in nature.

**Request for Production No. 1**
Please produce any and all documents in your possession or control that are in any way relevant to the claims, defenses, allegations, or subject matter of this lawsuit. This includes any and all written agreements between Plaintiffs and Defendants that have been signed by the Plaintiffs.

**Request for Production No. 2**
Please produce the original alleged Note and Mortgage instruments with original signatures.

**Request for Production No. 3**
Please produce a requisite chain of assignments recorded or written for the alleged Note and Mortgage instruments.

The foregoing responses to each of the the requested items, together with the attached papers and documents, constitute the total response of this answering. Plaintiff and the undersigned, certifies to the filing of the original thereof and service upon the Defendant of a true, correct and complete copy thereof, including all attachments.

I hereby certify, under the penalties of perjury, that the foregoing answers are true, correct, and complete.

_____

Signature

_____

Name Typed or Printed


_____

Capacity in which signing


SUBSCRIBED and SWORN to before me on _____, 20_____ .


_____                (SEAL)

Notary Public

My Commission Expires: _____

```
FILED IN OFFICE
OCT 1 4 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA
```

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**JAMES HIGGS and MATTIE PUGH**          )
Plaintiffs                                )
                                          )     CIVIL ACTION FILE
v.                                        )
                                          )     NO.:_____
**PENDERGAST and ASSOCIATES, P.C.,**      )
**MORTGAGE ELECTRONIC**                   )
**REGISTRATION SERVICES, INC and**        )
**CITIMORTGAGE, INC.**
Defendants

## CERTIFICATE OF SERVICE

This document certifies, I sent copies of the following documents:

PLAINTIFFS' (1) COMPLAINT, (2) TRIAL-BY-JURY DEMAND, (3) FIRST REQUEST FOR
ADMISSIONS AND REQUEST FOR PRODUCTIONS TO DEFENDANTS, (4) SUMMONS
to the opposing party by:

☐ first class mail    ☐ certified mail with requested return receipt    ☐ process sever    ☐ sheriff or marshal

The documents were addressed as follows:

**PENDERGAST and ASSOCIATES, P.C.**
AGENT: JOHN F. PENDERGAST JR
115 PERIMETER CENTER PL, #1000
ATLANTA, GA 30346

**MORTGAGE ELECTRONIC**
**REGISTRATION SERVICES, INC**
AGENT: SHARON HORSTKAMP
1818 LIBRARY STREET STE 300
RESTON, VA 20190

**CITIMORTGAGE, INC**
AGENT: C T CORPORATION SYSTEM
1201 PEACHTREE STREET NE
ATLANTA, GA 30361

Signed this __14th__ day of __October_____, 20 _10_.

_____
James Higgs, Plaintiff, *pro se*
PO Box 3321
Atlanta, GA 30302



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **JAMES HIGGS and MATTIE PUGH** | ) |
| | ) |
| Plaintiffs | ) CIVIL ACTION FILE |
| | ) NO.: 2010CV192191 |
| v. | ) |
| | ) |
| **PENDERGAST and ASSOCIATES, P.C.,** | ) **TRIAL-by-JURY** |
| **MORTGAGE ELECTRONIC** | ) **DEMANDED** |
| **REGISTRATION SERVICES, INC and** | ) |
| **CITIMORTGAGE, INC.** | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, James Higgs *pro se*, pursuant to this civil action existing prior to the adoption of Georgia's first

Constitution, *Dept.of Transp. v. Del-Cook Timber Co., 248 Ga. 734*, hereby demands a trial by jury in the

above-entitled matter

RESPECTFULLY SUBMITTED: This 12th day of October, in the year, of our Lord, 2010.

BY: _____,

JAMES HIGGS, Plaintiff, *pro se*
PO Box 3321
Atlanta, GA 30302